UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CHESTER WRIGHT, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 10-0594 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 1 |
| | : | | |
| PATRICIA STANSBERRY, | : | | |
| | : | | |
| Respondent. | : | | |

## MEMORANDUM OPINION

### DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

## I. INTRODUCTION

This matter is before the court on the petition of Chester Wright ("the petitioner") for a writ of habeas corpus. For the reasons discussed below, the court denies the petition.

## II. FACTUAL & PROCEDURAL BACKGROUND

In January 1997, the petitioner was convicted of various offenses, including first degree murder while armed, in the Superior Court of the District of Columbia. Pet. at 2; Mem. in Supp. of Pet. for Writ of Habeas Corpus ("Petr's Mem.") at 1, 6. The petitioner appealed to the District of Columbia Court of Appeals, which affirmed the conviction but remanded the case for resentencing. *See Hammond v. United States*, 880 A.2d 1066, 1073-74 (D.C. 2005), *cert. denied*, 547 U.S. 1184 (2006). The petitioner was resentenced on February 28, 2006. Pet. at 2.

The petitioner, through appellate counsel, also filed two motions to vacate the sentence pursuant to D.C. Code § 23-110. *Wright v. United States*, 979 A.2d 26, 28-29 (D.C. 2009). The first of these motions, filed in June 2002, alleged ineffective assistance of trial counsel. *Id.* at 29.

The second motion, filed in March 2007, concerned allegations that the prosecutor had withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* The trial court denied both motions and the District of Columbia Court of Appeals affirmed. *See generally id.*

In April 2010, the petitioner filed this petition for a writ of habeas corpus premised on the purported ineffective assistance of his appellate counsel. *See generally* Petr's Mem. The petitioner contends that appellate counsel "did not include the most relevant facts and arguments in the appellate brief and the motion filed under § 23-110." *Id.* at 11; *see also id*. at 12-14. In addition, the petitioner asserts that appellate counsel failed to raise "issues regarding the government's fraud upon the Superior Court[,] [s]uppression of favorable and [i]mpeachment evidence[,] and [i]neffective assistance of trial counsel to make objections regarding the above issues and also [to] present a defense contending that a third person was responsible for [his] crimes given relevant evidence proving same." Pet. at 5. Finally, the petitioner contends that appellate counsel failed to file a new direct appeal after he was resentenced in February 2006, despite the fact that he instructed her to do so. Petr's Mem. at 14.

### III. ANALYSIS

The petitioner's claims of ineffective assistance of appellate counsel are premised on the following allegations: (1) that appellate counsel failed to raise certain arguments and evidence during the direct appeal of the conviction; (2) that appellate counsel failed to raise certain arguments and evidence during the petitioner's collateral attacks under D.C. Code § 23-110; and (3) that the appellate counsel failed to lodge an appeal after the petitioner was resentenced in February 2006. *See generally* Pet.; Petr's Mem. The court considers these allegations in turn.

## A. The Court Lacks Jurisdiction Over the Petitioner's Claim of Ineffective Assistance of Appellate Counsel on Direct Appeal

Under District of Columbia law, an individual claiming ineffective assistance of appellate counsel may seek relief by moving the District of Columbia Court of Appeals to recall its mandate. *Williams v. Martinez*, 586 F.3d 995, 998-99 (D.C. Cir. 2009); *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987). As a result, "[n]o writ of habeas corpus may be granted by this court unless [the petitioner] can show that 'circumstances exist that render' the remedy by motion to recall the mandate 'ineffective to protect [his] rights.'" *Branch-El v. United States*, 2010 WL 737337, at *1 (D.D.C. Mar. 2, 2010) (quoting 28 U.S.C. § 2254(b)).

In this case, the petitioner contends that he suffered from the ineffective assistance of appellate counsel because counsel failed to present certain arguments and evidence to the appellate court during the direct appeal from his conviction. Petr's Mem. at 11-14. According to the petitioner, there is "no state corrective process that protects [his] rights" because the District of Columbia Court of Appeals "denied [him] the opportunity to argue his claim regarding ineffective assistance of appellate counsel by way of a Motion to Recall the Mandate." Pet. at 5.

The record, however, indicates that the petitioner failed to file a timely motion to recall the mandate in the District of Columbia Court of Appeals. Pet. at 5. Instead, several years after the mandate issued, the petitioner filed a motion for leave to late-file a motion to recall the mandate, which the District of Columbia Court of Appeals denied. *Id.*, Ex. PP. Thus, the petitioner's inability to seek relief by means of a motion to recall the Court of Appeals' mandate resulted solely from his failure to file a timely motion. *See id.* This "remedy is not made ineffective or inadequate by a [petitioner's] procedural default in availing himself of it."

*Branch-El*, 2010 WL 737337, at *1 (dismissing a habeas petition for lack of jurisdiction where the petitioner's motion to the District of Columbia Court of Appeals to recall its mandate was denied as untimely (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986))); *see also Collier v. United States*, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999) (per curiam) (concluding that a petitioner's "[f]ailure to prevail in [the District of Columbia Court of Appeals] does not render his local remedies inadequate or ineffective"), *cert. denied*, 529 U.S. 1118 (2000). Because the petitioner has not demonstrated that he lacked an effective remedy under D.C. law, the court lacks jurisdiction over the petitioner's claim of ineffective assistance of appellate counsel based on counsel's alleged failure to raise certain arguments and evidence on direct appeal.

### B. The Petitioner Has Failed to State a Claim of Ineffective Assistance of Appellate Counsel in Connection With His Motions Under D.C. Code § 23-110

"Although criminal defendants enjoy a due process right to the effective assistance of counsel during their first appeal as of right, the Supreme Court has made clear that defendants lack a constitutional entitlement to effective assistance of counsel in state collateral proceedings." *Williams*, 586 F.3d at 1001 (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)) (internal citations omitted); *Coleman*, 501 U.S. at 752 (observing that "[t]here is no constitutional right to an attorney in state post-conviction proceedings" and that "[c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings").

Accordingly, the alleged failure of the petitioner's appellate counsel to raise certain arguments and evidence in connection with his collateral attacks under D.C. Code § 23-110 cannot give rise to a claim of ineffective assistance of counsel. *See Johnson v. Stansberry*, 2010 WL 358521, at *1 (D.D.C. Jan. 29, 2010) ("To the extent that [the petitioner's] claim of

4

ineffective assistance of counsel extends to counsel's performance in representing [the petitioner] in a § 23-110 motion, or counsel's refusal to assist in the § 23-110 motion, the claim must fail."). The court therefore declines to grant the petitioner relief on this basis.

### C. The Petitioner Has Not Established the Court's Jurisdiction Over His Claim of Ineffective Assistance of Appellate Counsel Premised on Counsel's Failure to Lodge an Appeal Following His February 2006 Resentencing

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file in that court a motion to vacate, set aside or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. CODE § 23-110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," D.C. CODE § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (observing that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

The petitioner claims ineffective assistance of appellate counsel based on counsel's alleged failure to lodge an appeal following the petitioner's resentencing in February 2006. Pet. at 5; Petr's Mem. at 29. The petitioner has not indicated, however, that he raised this error in the

5

§ 23-110 motion he filed in March 2007, nor has he explained why a remedy under § 23-110 would be inadequate or ineffective. *See generally* Pet.; Petr's Mem. Accordingly, the petitioner has not established the court's jurisdiction over this claim. *See* D.C. CODE § 23-110(g).

## IV. CONCLUSION

For the foregoing reasons, the court denies the petition for writ of habeas corpus. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of January, 2011.

RICARDO M. URBINA
United States District Judge